UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PHILLIP ZACHARY FOOR, <br><br> Plaintiff, <br><br> v. <br><br> ENGLISH, DENTIST, MEDICAL STAFF, CORRECTIONAL OFFICERS, JOHN DOES, JANE DOES, DOES, <br><br> Defendants. | CAUSE NO. 3:24-CV-147-HAB-SLC |

OPINION AND ORDER

Phillip Zachary Foor, a prisoner without a lawyer, filed a complaint that included a request for a temporary restraining order or preliminary injunction, asking that he be immediately transferred from Miami Correctional Facility to a different prison for protection. ECF 1. Because of the potential urgency of the preliminary injunction, the court will address it before screening the complaint, as required by 28 U.S.C. § 1915A, to determine whether it states a claim that may proceed. The complaint cannot be screened until Foor's filing fee status is resolved; he filed a motion for leave to proceed in forma pauperis but did not include a copy of his inmate trust fund ledger for the past six months. ECF 2.

Foor is incarcerated at Miami Correctional Facility. He alleges that on July 16, 2023, he was attacked and severely injured for a second time. He does not describe the first attack, other than to say that he was stabbed six times. He explains, though, that the second attack happened after correctional officers in K Housing Unit unlocked his

cell door for other inmates to enter and harm him. He alleges that the attackers broke his jaw.

It appears that after the second attack, he was transferred to Protective Custody in H Housing Unit. Recently, however, he has been moved to general population in L Housing Unit. He seeks an injunction for an immediate transfer to a different prison.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court makes an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.* On the second prong, "[i]ssuing a

preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Mandatory preliminary injunctions "requiring an affirmative act by the defendant" like the one Foor seeks are "cautiously viewed and sparingly issued." *Mays*, 974 F.3d at 818. In the prison context, the court's ability to grant injunctive relief is particularly limited. "[I]njunctive relief to remedy unconstitutional prison conditions must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citation and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining strict limitations on granting injunctive relief in the correctional setting).

Here, Foor has not shown a likelihood of success on the merits of a claim that he is currently in danger after being transferred to general population. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, to state a claim for failure to protect, a plaintiff must establish the

3

defendant "had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted). The fact that an inmate has been attacked before does not, without more, allow a reasonable inference that he remains in danger. *See Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008) (knowledge that inmate had an "altercation with three other inmates, and that he wanted a transfer because he feared for his life" was not enough to establish notice of a specific threat to inmate's safety).

Foor does not explain why he believes he is unsafe in general population. Thus, there is no indication that he currently faces a substantial risk of harm that is not being addressed by prison officials. Without a basis to find a substantial risk of harm, Foor has no likelihood of success on the merits of a claim that he is currently in need of protection.

The court expresses no opinion on whether any of the other allegations in Foor's complaint state a claim for relief. Before the court will screen the complaint, Foor must resolve his filing fee status. He did not attach his ledgers to his motion for leave to proceed in forma pauperis. Instead, he wrote on the motion "They refuse," without explaining what steps he took to obtain a copy of his prisoner trust account statement. If he wants to continue this lawsuit, he needs to pay the filing fee or file a copy of his inmate trust fund ledger detailing his transactions for the past six months.

For these reasons, the court:

(1) DENIES the implied request for a preliminary injunction in the complaint (ECF 1);

(2) GRANTS Phillip Zachary Foor until **March 25, 2024**, to resolve his filing fee status, and

(3) CAUTIONS him if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED on February 21, 2024.

> s/Holly A. Brady
> CHIEF JUDGE
> UNITED STATES DISTRICT COURT